UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

January 27, 2015

LETTER TO COUNSEL:

RE:   *Marcus Johnson v. Carolyn W. Colvin, Acting Commissioner of Social Security Administration;*
      Civil No. TJS-13-2679

Dear Counsel:

On September 13, 2013, the Plaintiff, Marcus Johnson ("Mr. Johnson"), petitioned this Court to review the Social Security Administration's final decision to deny his application for Supplemental Security Income ("SSI") benefits. (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 17.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF Nos. 2 & 5.) Having considered the submissions of the parties (ECF Nos. 15, 17 & 18), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny Mr. Johnson's motion. This letter explains my rationale.

Mr. Johnson filed his application for SSI on September 28, 2011. (Tr. 191-199, 200-221.) In his claim, Mr. Johnson alleged disability beginning on September 3, 2011. *Id*. The claim was denied initially on December 2, 2011 and on reconsideration on March 13, 2012, (Tr. 61, 62.) A hearing was held before an Administrative Law Judge ("ALJ") on February 5, 2013. (Tr. 26-60.) On April 25, 2013, the ALJ determined that Mr. Johnson was not disabled under the Social Security Act as he retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. (Tr. 12-25.) On July 19, 2013, the Appeals Council denied Mr. Johnson's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ evaluated Mr. Johnson's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Mr. Johnson was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since September 28, 2011. (Tr. 17.) At step two, the ALJ found that Mr. Johnson suffered from the severe impairments of traumatic brain injury, headaches, cognitive limitations, seizure disorder, personality disorder and alcohol abuse. (Tr. 17.) At step three, the ALJ found

that Mr. Johnson's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 (the "Listings"). (Tr. 17-19.) The ALJ determined that Mr. Johnson has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except that he is further limited to: occasional climbing of ramps or stairs; no balancing, or climbing ladders, ropes or scaffolds; must avoid all hazards, such as unprotected heights and dangerous machinery; can understand, remember and carry out simple instructions; and, can perform simple, routine tasks.

(Tr. 19.)

At step four, the ALJ determined that Mr. Johnson had no past relevant work. (Tr. 23.) At step five, the ALJ found that given Mr. Johnson's age, education, work experience, and RFC, and based on the testimony of the vocational expert ("VE"), there were jobs in significant numbers in the national economy that he could perform. (Tr. 23-24.) Therefore, the ALJ found that Mr. Johnson was not disabled under the Social Security Act. (Tr. 24.)

Mr. Johnson presents two arguments on appeal: (1) that the ALJ failed to properly assess his credibility, and as a result the ALJ's RFC determination is not supported by substantial evidence; and (2) that the ALJ improperly relied on evidence provided by a VE where the hypotheticals posed to the VE did not adequately account for Mr. Johnson's limitations. I will address each of these arguments in turn.

The focus of both of Mr. Johnson's arguments is that he experiences dizziness, headaches and drowsiness with such frequency and severity that he is unable to perform even light work. In his first argument, he takes issue with the ALJ's finding that while his impairments could reasonably be expected to cause the dizziness, headaches and drowsiness he experiences, his statements concerning the effects of those symptoms "are not entirely credible." (ECF No. 15 at 12.) Mr. Johnson complains that the record contains a longitudinal record of complaints of headaches and dizziness, but the consultative examiners (Dr. Dewberry and Dr. Celozzi) did not consider these complaints in rendering their opinions. The ALJ's reliance on the opinions of these physicians, Mr. Johnson argues, coupled with the ALJ's purported failure to evaluate Mr. Johnson's symptoms pursuant to 20 C.F.R. § 404.1529(c)(3) amounts to an error that "begs a remand." (ECF No. 15 at 16.)

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints concerning their work performance limitations. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id*. After the claimant meets this threshold obligation, the ALJ must evaluate the "intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id*. at 595.

This argument is unavailing because it is the ALJ, not a reviewing court, who is in the best position to evaluate the credibility of a claimant, including the effects of the claimant's symptoms and the impact of those symptoms on their ability to work. Here, Mr. Johnson

effectively requests that this Court reweigh the evidence and determine that the ALJ's credibility determination was wrong. The record indicates that the ALJ considered Mr. Johnson's testimony about headaches, dizziness and drowsiness. (Tr. 19.) The ALJ also considered Dr. Celozzi and Dr. Dewberry's opinions (Tr. 20-23), each of whom was aware of Mr. Johnson's regularly occurring headaches and dizziness,[1] but nonetheless found that he was capable of performing work consistent with light work under the regulations. (Tr. 874-75, 884-86, 973-75.) The ALJ "added limitations to simple, routine work" to "accommodate his intellectual restrictions" and other limitations because of his seizure disorder. (Tr. 23.) The ALJ specifically found that there was no evidence that Mr. Johnson's headaches would interfere with his ability to work. (*Id.*) Mr. Johnson does not point to any evidence in the record that his headaches or dizziness would interfere with his ability to work, but instead cites generally to whole portions of the record and implicitly suggests that an inference must be drawn that because of the nature of his symptoms, the objective medical evidence in the record is overcome by his hearing testimony. He is unable to point to evidence in the record related to his headaches or dizziness that was not considered by the ALJ,[2] let alone any specific evidence that is materially favorable to his position. As painful and unpleasant as Mr. Johnson's symptoms appear to this Court (and to the ALJ, who classified them as "severe impairments" at step two (Tr. 17)), there is simply no evidence in the record about how the symptoms interfere with his ability to work that would justify a finding that the ALJ's findings are not based on substantial evidence. To the extent that the record contains suggestions about how the symptoms impact his functional abilities, these impacts were adequately taken into account by the ALJ in her formulation of Mr. Johnson's RFC. Mr. Johnson "bears the burden of production and proof during the first four steps of the inquiry," *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995), and the ALJ properly found that he did not meet his burden to prove his disability at these steps.

Mr. Johnson also argues that the ALJ's reliance on the opinion of a VE was in error because the opinion did not take into account the limitations Mr. Johnson has because of his

---

[1] The record indicates that Mr. Johnson experienced drowsiness as a side effect of his seizure medication (Tr. 33, 48), but Dr. Celozzi and Dr. Dewberry's reports do not indicate that he made any complaint to them of drowsiness.

[2] The ALJ's considerations are in accordance with Social Security Ruling 96-7p. This ruling provides that in evaluating an individual's credibility, an ALJ must consider the following, in addition to the objective medical evidence:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

frequent headaches, dizziness and drowsiness. "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (internal citations omitted). During Mr. Johnson's hearing, the ALJ asked the VE whether work existed in the national economy for a hypothetical individual of Mr. Johnson's age, education and work experience, but which was limited to (1) "light work with only occasional climbing stairs and ramps and no balancing or climbing ladders, ropes or scaffolds," (2) work not involving "unprotected heights and dangerous machinery," and (3) work that only required understanding, remembering and carrying out simple instructions and performing "simple routine tasks." (Tr. 55.) The VE responded that such work did exist for the hypothetical person to perform. (*Id.* at 55-56.) The ALJ also asked about whether a hypothetical person who is "off task for 20 percent of the day" is able to maintain employment. The VE responded that the person would be unable to maintain employment. (*Id.*)

Mr. Johnson argues that the evidence provided by the VE in response to the ALJ's hypothetical questions should not have been considered by the ALJ because the questions themselves failed to account for all of Mr. Johnson's impairments. This argument is unpersuasive because the ALJ's questions properly incorporated all of Mr. Johnson's limitations. The ALJ relied on the VE's testimony in response to a hypothetical question that set forth all of Mr. Johnson's limitations that are supported by the record. While the ALJ asked the VE another hypothetical question that included a limitation that was not ultimately found to apply to Mr. Johnson (that he would be "off task for 20 percent of the day," which is not supported by substantial evidence in the record), merely asking a question does not bind an ALJ to finding that a certain limitation must be incorporated into a claimant's RFC. As stated above, it is significant that the record contains numerous references to Mr. Johnson's severe headaches and dizziness, but nonetheless contains no evidence that indicates these symptoms have effects in the form of functional limitations greater than those found by the ALJ in her RFC determination. I find that the ALJ's hypothetical questions adequately account for all of Mr. Johnson's limitations and that the ALJ properly relied upon the VE's answers to her questions. Accordingly, the second of Mr. Johnson's arguments must also be rejected.

For the reasons set forth herein, Mr. Johnson's Motion for Summary Judgment (ECF No. 15) will be DENIED, and the Commissioner's Motion for Summary Judgment (ECF No. 17) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                              Sincerely yours,

                                              _____/s/_____
                                              Timothy J. Sullivan
                                              United States Magistrate Judge